**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
                                    (State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**    _____

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   _____
   _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number** (EIN)    __ __ – __ __ __ __ __ __ __

4. **Debtor's address**

   **Principal place of business**

   _____
   Number        Street

   _____

   _____
   City                State      ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number        Street

   _____
   P.O. Box

   _____
   City                State      ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number        Street

   _____

   _____
   City                State      ZIP Code

5. **Debtor's website** (URL)    _____

6. **Type of debtor**
   ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding  LLP)
   ☐ Other. Specify: _____

Debtor _____   Case number *(if known)*_____
      Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☐ Yes.  District _____  When _____  Case number _____
                                      MM / DD / YYYY

           District _____  When _____  Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☐ Yes.  Debtor _____  Relationship _____

           District _____  When _____
                                                   MM  /  DD  / YYYY

           Case number, if known _____

Debtor _____     Case number (if known)_____
       Name

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
    Number       Street

_____

_____
    City              State    ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

    Contact name _____

    Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor _____    Case number (if known)_____
       Name

| 16. Estimated liabilities | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## █ Request for Relief, Declaration, and Signatures

**WARNING** --  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
       MM  / DD / YYYY

✘ _____    _____
Signature of authorized representative of debtor    Printed name

Title _____

**18. Signature of attorney**

✘ _____    Date _____
Signature of attorney for debtor          MM  / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number    Street

_____    _____
City                State    ZIP Code

_____    _____
Contact phone          Email address

_____    _____
Bar number           State

**<u>Schedule 1</u>**

<u>Location of Principal Assets (Consolidated)</u>

The debtors collectively own a diverse fleet of aircraft.  As such, in the ordinary course of their business, certain assets of the debtors, including their aircraft, move between jurisdictions and are located in various domestic and international locations.

## Schedule 2

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company |
| --- |
| Bristow Group, Inc. |
| BHNA Holdings Inc. |
| Bristow Alaska Inc. |
| Bristow Helicopters Inc. |
| Bristow U.S. Leasing LLC |
| Bristow U.S. LLC |
| BriLog Leasing Ltd. (Cayman) |
| Bristow Equipment Leasing Ltd. (Cayman) |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BRISTOW GROUP INC., | ) | Case No. 19- |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**Attachment to Voluntary Petition for Non-Individuals Filing for
Bankruptcy under Chapter 11**

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **001-31617**.

2.  The following financial data is the latest available information and refers to the debtor's condition on 9/30/2018 (10-Q filed on 11/9/18.  Note: Subject to restatement.)

|  |  |  |  |
|---|---|---|---|
| a. | Total assets | $2,860,804,000 | |
| b. | Total debts (including debts listed in 2.c., below) | $1,885,623,000 | |
| c. | Debt securities held by more than 500 holders: | None | Approximate number of holders: |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |

|  |  |  |  |
|---|---|---|---|
| d. | Number of shares of preferred stock | 0_____ | _____ |
| e. | Number of shares common stock | **35,918,916**__ | _____ |

Comments, if any: Asset and Liability amounts are on a consolidated basis and include both Debtor and non-Debtor operations.   Common stock in 2(e) is number of shares issued and outstanding.

3.  Brief description of debtor's business:  Bristow Group Inc. provides industrial aviation and charter services to offshore energy companies in Europe, Africa, the Americas, and the Asian Pacific. The Company also provides search and rescue services for governmental agencies and the oil and gas industry.

4.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:  Mackenzie Financial Corporation; Blackrock Fund Advisors; Fidelity Management & Research Company Dimensional Fund Advisors LP (U.S.); The Vanguard Group, Inc.

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, National Association Indentured Trustee ATTN: Peter Finkel Vice President 50 South Sixth Street, Suite 1290 Minneapolis, MN 55402 | Peter Finkel EMAIL - pfinkel@wilmingtontrust.com PHONE - 612-217-5624 FAX - 302-427-4919 | 6.25% Senior Notes | | | | $   415,893,717 |
| 2 | Wilmington Trust, National Association Indentured Trustee ATTN: Peter Finkel Vice President 50 South Sixth Street, Suite 1290 Minneapolis, MN 55402 | Peter Finkel EMAIL - pfinkel@wilmingtontrust.com PHONE - 612-217-5624 FAX - 302-427-4919 | 4.5% Convertible Senior Notes | | | | $   146,609,116 |
| 3 | Milestone Aviation Group ATTN: Clifford Work General Counsel Minerva House, 2nd Floor Simmonscourt Road Ballsbridge Dublin, Ireland | Clifford Work EMAIL - cwork@milestoneaviation.com PHONE - 353-1-216-5700 | Lease Claims and Leases | | | | $   20,192,292 |
| 4 | Infosys Limited ATTN: Salil Parekh Chief Executive Officer Electronics City Hosur Road Bengaluru,  560100 India | Salil Parekh EMAIL - salil_parekh@infosys.com PHONE - 91-80-2852-0261 FAX - 91-80-2852 -0362 | Trade Payable | Unliquidated | | | $   1,390,758 |
| 5 | Agustawestland ATTN: William Hunt President 3050 Red Lion Road Philadelphia, PA  19114 | William Hunt EMAIL - william.hunt@agustawestland.com PHONE - 215-281-1485 FAX - 215-268-9104 | Trade Payable | | | | $   519,606 |
| 6 | VIH Aviation Group Ltd. ATTN: Ken Norie President 1962 Canso Road North Saanich, BC  V8L 5B5 Canada | Ken Norie EMAIL - knorie@vih.com PHONE - 250-656-3987 | Leases | | | | $   208,687 |
| 7 | Sikorsky Commercial Inc ATTN: Daniel C. Schultz President 6801 Rockledge Drive Bethesda, MD  20817 | Daniel C. Schultz EMAIL - daniel.c.schultz@lmco.com PHONE - 301-897-6000 | Trade Payable | | | | $   187,754 |
| 8 | Pratt & Whitney Canada Corp ATTN: Maria Della Posta President 1000 Marie-Victorin Boulevard Longueuil, QC  J4G 1A1 Canada | Maria Della Posta EMAIL - maria.della.posta@pwc.ca PHONE - 450-677-9411 | Trade Payable | | | | $   185,924 |
| 9 | General Electric Company ATTN: H. Lawrence Culp Jr. Chief Executive Officer 41 Farnsworth Street Boston, MA  02210 | H. Lawrence Culp Jr. EMAIL - larry.culp@ge.com PHONE - 617-443-3000 | Trade Payable | | | | $   172,193 |
| 10 | Infosys McCamish ATTN: Gordon Beckham President 6425 Powers Ferry Road Suite 300 Atlanta, GA  30339 | Gordon Beckham EMAIL - gbeckham@mccamish.com PHONE - 770-690-1500 FAX - 770-690-1800 | Trade Payable | Unliquidated | | | $   159,897 |
| 11 | Speedcast Communications, Inc ATTN: Pierre-Jean Beylier Chief Executive Officer 4400 S. Sam Houston Pkwy East Houston, TX  77048 | Pierre-Jean Beylier EMAIL - pj@speedcast.com PHONE - 832-668-2300 | Trade Payable | | | | $   146,180 |
| 12 | Helifleet 2013-01, LLC ATTN: Jeffrey G. Tougas General Counsel 181 Bay Street Suite 2830 Toronto, ON  M5J 2T3 Canada | Jeffrey G. Tougas EMAIL - jtougas@ccncapitalcorp.com PHONE - 514-908-0759 FAX - 514-908-0991 | Leases | | | | $   129,216 |
| 13 | Precision Heliparts ATTN: Keith Stringer Director of Sales 220 Burgess, Unit #2 Broussard, LA  70518 | Keith Stringer EMAIL - kstringer@precisionaviationgroup.com PHONE - 404-768-9090 FAX - 404-768-9006 | Trade Payable | | | | $   106,999 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | Waypoint Leasing<br>ATTN: John Petkovic<br>Chief Executive Officer<br>Two Embarcadero Center<br>Suite 200<br>San Francisco, CA  94111 | John Petkovic<br>EMAIL - john.petkovic@macquarie.aero<br>PHONE - 415-829-6800 | Leases | | | | $        103,569 |
| 15 | Expeditors And Production Services<br>ATTN: Todd Matte<br>President<br>206 Magnate Drive<br>Lafayette, LA 70508 | Todd Matte<br>EMAIL - todd.matte@epsteam.com<br>PHONE - 337-839-2735 | Trade Payable | | | | $          87,425 |
| 16 | Hub Enterprises, Inc.<br>ATTN: James H. "Chip" Romero<br>President<br>PO Box 3162<br>Lafayette, LA 70502 | James H. "Chip" Romero<br>EMAIL - chip@hubenterprises.com<br>PHONE - 800-873-0933<br>FAX - 800-436-4399 | Trade Payable | | | | $          65,643 |
| 17 | GE Aircraft Engines<br>ATTN: William Neth<br>Manager, Customer Programs<br>1000 Western Avenue<br>Lynn, MA  01919 | William Neth<br>EMAIL - william.neth@ge.com<br>PHONE - 781-594-9157 | Trade Payable | | | | $          65,304 |
| 18 | Bell Helicopter Textron, Inc.<br>ATTN: Michelle Flores<br>Manager, Key Accounts<br>3255 Bell Flight Boulevard<br>Fort Worth, TX  76118 | Michelle Flores<br>EMAIL - mflores3@bellflight.com<br>PHONE - 817-280-3926<br>FAX - 817-280-2321 | Trade Payable | | | | $          57,960 |
| 19 | Standard Aero Limited<br>ATTN: Russell Ford<br>Chief Executive Officer<br>6710 N. Scottsdale Road<br>Suite 250<br>Scottsdale, AZ  85253 | Russell Ford<br>EMAIL - russell.ford@standardaero.com<br>PHONE - 480-377-3100<br>FAX - 480-377-3105 | Trade Payable | | | | $          50,827 |
| 20 | Open Text Corporation<br>ATTN: Mark Barrenecha<br>Chief Executive Officer<br>275 Frank Tompa Drive<br>Waterloo, ON  N2L 0A1<br>Canada | Mark Barrenecha<br>EMAIL - mbarrenechea@opentext.com<br>PHONE - 519-888-7111<br>FAX - 519-888-0677 | Trade Payable | Unliquidated | | | $          46,943 |
| 21 | Capgemini America, Inc<br>ATTN: Paul Hermelin<br>Chief Executive Officer<br>1100 Empire Central Place<br>Suite 200<br>Dallas, TX  75247 | Paul Hermelin<br>EMAIL - paul.hermelin@capgemini.com<br>PHONE - 214-253-6415<br>FAX - 973-337-2701 | Trade Payable | | | | $          45,937 |
| 22 | Acme Truck Line, Inc.<br>ATTN: Mike Coatney<br>President<br>200 Westbank Expressway<br>Gretna, LA  70053 | Mike Coatney<br>EMAIL - mike.coatney@acmetruck.com<br>PHONE - 504-368-2510<br>FAX - 888-345-2263 | Trade Payable | | | | $          43,402 |
| 23 | Ideagen Gael Limited<br>ATTN: Ben Dorks<br>Chief Executive Officer<br>Ergo House<br>Mere Way<br>Ruddington Fields Business Park<br>Nottingham,   NG11 6 JS<br>United Kingdom | Ben Dorks<br>EMAIL - ben.dorks@ideagen.com<br>PHONE - 44-1355-593400<br>FAX - 44-1355-579191 | Trade Payable | Unliquidated | | | $          42,312 |
| 24 | HRD Aero Systems<br>ATTN: Tom Salamone<br>President<br>25555 Avenue Stanford<br>Valencia, CA  91355 | Tom Salamone<br>EMAIL - tom.s@hrd-aerosystems.com<br>PHONE - 877-473-2376<br>FAX - 661-295-0672 | Trade Payable | | | | $          40,560 |
| 25 | Boeing Distribution Services Inc<br>ATTN: Travis Sullivan<br>Vice President<br>3760 W. 108th Street<br>Miami, FL  33018 | Travis Sullivan<br>EMAIL - travis.sullivan@boeing.com<br>PHONE - 305-925-2600<br>FAX - 305-507-7191 | Trade Payable | | | | $          40,497 |
| 26 | Helicomb International, Inc.<br>ATTN: Bill Cole<br>General Manager<br>1402 South 69th East Avenue<br>Tulsa, OK  74112 | Bill Cole<br>EMAIL - bcole@pccstructurals.com<br>PHONE - 918-835-3999<br>FAX - 918-834-4451 | Trade Payable | | | | $          35,818 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27  Composite Technology Inc ATTN: Andy Warner Chief Financial Officer 1727 S. Main Street DFW Airport Dallas, TX  75261 | Andy Warner PHONE - 972-456-6900 FAX - 972-456-0162 | Trade Payable | | | | $          34,825 |
| 28  SAP America ATTN: DJ Paoni President of SAP North America 3999 West Chester Pike Newtown Square, PA  19073 | DJ Paoni EMAIL - dj.paoni@sap.com PHONE - 610-661-1000 FAX - 610-595-2187 | Trade Payable | | | | $          34,376 |
| 29  IHS Global Inc. ATTN: Susan Farrell Vice President 1300 Connecticut Avenue Suite 800 Washington, DC  20036 | Susan Farrell EMAIL - susan.farrell@ihsmarkit.com PHONE - 202-721-0337 FAX - 303-397-2599 | Trade Payable | | | | $          33,579 |
| 30  Ernst & Young LLP ATTN: Thierry Caruso Partner 1401 Mckinney Street Houston, TX  77010 | Thierry Caruso EMAIL - thierry.caruso@ey.com PHONE - 713-750-1392 | Trade Payable | Unliquidated | | | Undetermined |

**Fill in this information to identify the case and this filing:**

Debtor Name __Bristow Group Inc.__

United States Bankruptcy Court for the: __Southern_____ District of __Texas_____
                                                                                                   (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule _____*

- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __05/11/2019__          ✖ __/s/ Brian J. Allman_____
                                                          Signature of individual signing on behalf of debtor

                                                          __Brian J. Allman_____
                                                          Printed name

                                                          __Senior Vice President and Chief Financial Officer__
                                                          Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BRISTOW GROUP INC., | § | Case No. 19-_____ (____) |
| | § | |
| Debtor. | § | |

### STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of the Debtor certifies that the following corporate entities/individuals own 10% or more of the Debtor's equity interest.

| Shareholder | Percentage of Total Shares |
|---|---|
| Mackenzie Financial Corporation | 18.33% (common stock) |
| BlackRock Fund Advisors | 13.08% (common stock) |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name __Bristow Group Inc.__

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒   Other document that requires a declaration __Statement of Corporate Ownership__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __05/11/2019__         ✖ __/s/ Brian J. Allman__
                                   Signature of individual signing on behalf of debtor

                                   __Brian J. Allman__
                                   Printed name

                                   __Senior Vice President and Chief Financial Officer__
                                   Position or relationship to debtor

**RESOLUTIONS**
**OF**
**BRISTOW GROUP INC.**
**BHNA HOLDINGS INC.**
**BRISTOW ALASKA INC.**
**BRISTOW HELICOPTERS INC.**
**BRISTOW U.S. LEASING LLC**
**BRISTOW U.S. LLC**

**May 10, 2019**

<u>**Restructuring of Bristow Group Inc.**</u>

WHEREAS, (i) all of the members of the board of directors, (ii) all of the managers or (iii) the other governing body, as the case may be (in each case, the "<u>Governing Body</u>"), of the entities specified above (except as otherwise defined herein, each such entity, individually, a "<u>Company</u>," which term shall, in respect of Bristow U.S. LLC and in respect of transactions to which BL Scotia LP is a party, include reference to Bristow U.S. LLC separately acting in its capacity as general partner of BL Scotia LP, a Scottish Limited Partnership), has had the opportunity to consult with management and has reviewed and discussed the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to such Company and the impact of the foregoing on such Company's business;

WHEREAS, Bristow Group Inc., a Delaware corporation ("<u>BGI</u>"), and its subsidiaries (collectively, the "<u>Group</u>") have approximately $1.5 billion in senior indebtedness, which indebtedness is comprised of (i) $350 million aggregate principal amount of 8.75% Senior Secured Notes due 2023 (the "<u>8.75% Senior Secured Notes</u>") currently outstanding; (ii) $401.5 million aggregate principal amount of 6.25% Senior Notes due 2022 (the "<u>6.25% Senior Notes</u>") currently outstanding; (iii) $143.75 million aggregate principal amount of 4.50% Convertible Senior Notes due 2023 (the "<u>4.50% Convertible Senior Notes</u>") currently outstanding; (iv) two seven-year British pound sterling denominated secured equipment term loan facilities with Lombard North Central plc, as agent, providing for an aggregate $200 million U.S. dollar equivalent in loans, of which $183 million is currently outstanding; (v) a term loan credit agreement with Macquarie Bank Limited, as agent, providing for a $200 million, five-year secured equipment term loans, of which $171 million is currently outstanding; (vi) a term loan credit facility with PK AirFinance S.à r.l., as agent, providing for an aggregate amount of up to $230 million in term loans, of which $211 million is currently outstanding; and (vii) a senior secured asset-backed revolving credit facility with Barclays Bank PLC, as agent, providing commitments in an aggregate principal amount of up to $75 million, of which $15 million is currently outstanding, including letters of credit;

WHEREAS, given BGI's previously disclosed financial challenges and its constrained liquidity, over the course of the past several months, BGI has been engaged in discussions with (i) an ad hoc committee comprising various holders of the 8.75% Senior Secured Notes (the "<u>Secured Notes Ad Hoc Committee</u>") and (ii) an ad hoc committee

comprising various holders of the 6.25% Senior Notes and the 4.50% Convertible Senior Notes (together with the Secured Notes Ad Hoc Committee, the "Ad Hoc Committees") in an effort to restructure its indebtedness and recapitalize BGI, as well as considering other strategic alternatives;

WHEREAS, the Board of Directors of BGI (the "BGI Board") and the Governing Body of each Company, as relevant, has considered one or more alternatives or transactions to reorganize or restructure the indebtedness and capital structure of BGI and one or more of its subsidiaries, including, among other things, through (i) one or more Chapter 11 bankruptcy filings and foreign insolvency proceedings on behalf of BGI and one or more of its subsidiaries to facilitate the restructuring of their indebtedness, (ii) an out-of-court restructuring of their indebtedness, (iii) an asset or equity sale to improve the Group's liquidity or to facilitate a restructuring or repayment of the Group's indebtedness or (iv) other similar transactions (each, a "Possible Transaction" and, collectively, the "Possible Transactions");

WHEREAS, on or before the date hereof, the BGI Board approved and/or ratified the retention of the following financial and legal advisors (collectively, the "Company Advisors"), to assist each Company and the BGI Board in connection with the development and negotiation of any Possible Transactions:

(i)    Houlihan Lokey Capital, Inc. – financial advisor to each Company;

(ii)   Alvarez & Marsal – financial advisor to each Company;

(iii)  Baker Botts L.L.P. – bankruptcy counsel to each Company in connection with the applicable Insolvency Case (as defined herein);

(iv)   Wachtell, Lipton, Rosen & Katz – co-counsel to BGI in connection with the applicable Insolvency Cases; and

(v)    Prime Clerk – claims, noticing and solicitation agent for each Company in connection with its Chapter 11 case; and

WHEREAS, the Company Advisors have been engaged in ongoing discussions with the Ad Hoc Committees and other stakeholders in an effort to reach accord on a consensual Possible Transaction that would allow for a restructuring of the Group's indebtedness and capital structure that would be supported by all such parties, and has kept the BGI Board and the other Governing Bodies appropriately advised as to any material developments or changes with respect to such discussions;

WHEREAS, to the extent that agreement has not yet been reached on a Possible Transaction, the Governing Body of each Company expects that discussions concerning the same will continue;

WHEREAS, the Governing Body of each Company has determined, after consulting with the Company Advisors, that it is in the best interests of such Company and its constituencies that such Company avail itself of the protections afforded by Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, (the "Bankruptcy Code") or an applicable foreign insolvency proceeding by making a voluntary filing to open an Insolvency Case;

**WHEREAS**, the Governing Body of each Company has reviewed, considered in detail and had the opportunity to ask questions about such Company's Insolvency Case and related Insolvency Filings (as defined herein);

**WHEREAS**, the Governing Body of each Company has determined that it is in the best interests of such Company, its creditors and other parties in interest that such Company enter into a restructuring support agreement (the "Restructuring Support Agreement") by and among each of the Companies, certain of their affiliates, certain consenting creditors and certain consenting parties substantially on the terms presented to each Governing Body on or in advance of the date hereof;

**WHEREAS**, the members of the Governing Body of each Company acknowledge and believe that the Restructuring Support Agreement is procedurally and substantively fair to the Companies as contemplated by applicable law or the bylaws, memorandum and articles of association, limited liability company agreement or similar document (in each case as amended or amended and restated to date) of each Company;

**WHEREAS**, BGI desires to enter into a Commitment Letter (together with the exhibits, schedules and annexes thereto, the "Commitment Letter") from affiliates of, or investment funds managed or advised by, BlackRock Financial Management, Inc., DW Partners, LP, Highbridge Capital Management, LLC, Oak Hill Advisors, L.P. and Whitebox Advisors LLC, and accepted and agreed to by BGI and Bristow Holdings Company Ltd. III ("BHC III" and, together with BGI, the "Borrowers"), which provides for, among other things, a debtor-in-possession credit facility for borrowings not to exceed $75,000,000 (the "Loan Facility"), on the terms and subject to the conditions more fully set forth in the Commitment Letter;

**WHEREAS**, in connection with the Loan Facility, BGI desires that BHC III enter into a Credit Agreement (the "Credit Agreement") with BGI and BHC III, as borrowers thereunder, the guarantors party thereto, a syndicate of lenders (the "Lenders") and an agent to be named therein, as administrative agent and as collateral agent (in such capacity, the "Agent");

**WHEREAS**, pursuant to the terms of the Commitment Letter, certain of BGI's subsidiaries, including each Company, are required (a) to guarantee the obligations of the Borrowers and the other guarantors under the Credit Agreement and the agreements, instruments and documents executed and delivered to the Agent or the Lenders in connection therewith (collectively, the "Obligations") and (b) to grant liens on and security interests in certain of their assets as security for the Obligations, the guarantees referenced in the foregoing clause (a) and certain other obligations (collectively, the "Secured Obligations");

**WHEREAS**, in order to provide for such guarantees and such liens, each Company may be required to execute and deliver a guarantee agreement and one or more security agreements, aircraft security agreements and pledge agreements in respect of the Credit Agreement (collectively, the "Loan Documents");

**WHEREAS**, the Governing Body of each Company has been advised of the material terms of the Commitment Letter, the Credit Agreement and the Loan Documents to be executed on the date on which the Loan Facility closes;

**WHEREAS**, each Company expects to derive, directly or indirectly, benefits from the Loan Facility and the extensions of credit thereunder, and the Governing Body of each Company deems it necessary and advisable and in the best interests of such Company for such Company to (i) guarantee the Obligations, (ii) grant liens on certain assets of such Company to secure the Secured Obligations, (iii) mortgage, charge or otherwise pledge its equity in one or more subsidiaries of such Company (as applicable) and (iv) execute and deliver the Credit Agreement and each of the Loan Documents to which it is a party (as applicable) and perform its obligations thereunder; and

**WHEREAS**, the Governing Body of each Company deems it advisable and in the best interests of such Company to authorize and empower any Authorized Person (as defined herein), for and on behalf of such Company, to negotiate, execute and deliver the Credit Agreement and the Loan Documents relating to the Loan Facility (as applicable) and such other agreements, instruments and documents to the Agent and the Lenders in the name of and on behalf of such Company.

### Insolvency Proceeding Voluntary Filing

**NOW, THEREFORE, BE IT RESOLVED**, that, with respect to each Company, its Governing Body, after consultation with such Company's management and the Company Advisors, has determined that it is desirable and in the best interests of such Company, its creditors and other parties in interest that a voluntary petition be filed by such Company in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court") seeking relief under the provision of Chapter 11 of the Bankruptcy Code and, if appropriate, to commence a voluntary insolvency proceeding in the jurisdiction of its organization or incorporation (as applicable); and

**FURTHER RESOLVED**, that, with respect to BGI, any one or more of the Chief Executive Officer and President, and any Vice President or more senior officer of BGI, and, with respect to each other Company, any of the directors, officers or managers, as applicable, of such Company (each, an "Authorized Person"), be, and each hereby is, authorized and empowered, with full power of delegation, to negotiate, execute, deliver, file with the Bankruptcy Court and any appropriate foreign court, and perform, in the name and on behalf of the applicable Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (collectively, the "Insolvency Filings") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Insolvency Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to take and perform any and all further acts and deeds that such Authorized Person, in consultation with the Company Advisors, deems necessary, appropriate or advisable in connection with such Company's Chapter 11 case and, if appropriate, foreign insolvency proceeding (each, an "Insolvency Case") or the Insolvency Filings, including,

without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate or advisable and (ii) the negotiation, execution, delivery, performance and filing of any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Insolvency Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and

*Retention of Advisors*

**FURTHER RESOLVED**, that the firm of Houlihan Lokey Capital, Inc., located at 1001 Fannin Street #4650, Houston, Texas 77002, is hereby retained as financial advisor to each Company in its Insolvency Case, subject to Bankruptcy Court approval and, if appropriate, the approval of any other court; and

**FURTHER RESOLVED**, that the firm of Alvarez & Marsal, located at 700 Louisiana Street, Suite 3300, Houston, Texas 77002, is hereby retained as financial advisor to each Company in its Insolvency Case, subject to Bankruptcy Court approval and, if appropriate, the approval of any other court; and

**FURTHER RESOLVED**, that the law firm of Baker Botts L.L.P., located at 910 Louisiana Street, Houston, Texas 77002, is hereby retained as bankruptcy counsel to each Company in its Insolvency Case, subject to Bankruptcy Court approval and, if appropriate, the approval of any other court; and

**FURTHER RESOLVED**, that the law firm of Wachtell, Lipton, Rosen & Katz, located at 51 West 52nd Street, New York, New York 10019, is hereby retained as co- counsel to BGI in the applicable Insolvency Case, subject to Bankruptcy Court approval; and

**FURTHER RESOLVED**, that the firm of Prime Clerk, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, is hereby retained as claims, noticing and solicitation agent for each Company in its Insolvency Case, subject to Bankruptcy Court approval and, if appropriate, the approval of any other court; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses and taxes) that such Authorized Person deems necessary, appropriate or advisable in connection with such Company's Insolvency Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of such Insolvency Case; and

*Form 8-K Filing*

**FURTHER RESOLVED,** that in connection with the Insolvency Filings, the BGI Board authorizes the filing with the Securities and Exchange Commission of a Current Report on Form 8-K and press release, each substantially in the form previously provided to the BGI Board, but with such changes and additions as are required by law or as any Authorized Person, in the discretion of such Authorized Person, deems necessary, appropriate or advisable, and authorizes such other filings in connection therewith as are required by the Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder; and

*Restructuring Support Agreement*

**FURTHER RESOLVED,** that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to enter into the Restructuring Support Agreement; and

**FURTHER RESOLVED,** that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to enter into a restructuring transaction or series of restructuring transactions by which the Companies will restructure their debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement (collectively, the "Restructuring Transactions"); and

**FURTHER RESOLVED,** that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents in furtherance of the Restructuring Transactions to which such Company is or will be a party, including, but not limited to, the Restructuring Support Agreement (collectively, the "Restructuring Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to each Governing Body (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Restructuring Documents by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and

**FURTHER RESOLVED,** that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to take any and all actions to (a) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (b) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of any Restructuring Transactions; and

**FURTHER RESOLVED,** that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the

name and on behalf of such Company, to execute and deliver any documents or to do such other things which shall in such Authorized Person's sole judgment be necessary, appropriate or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by such Authorized Person's execution and delivery thereof; and

### *Debtor-in-Possession Loan Facility*

**FURTHER RESOLVED**, that the execution and delivery of the Commitment Letter by each of the Borrowers and the performance of its obligations thereunder (a) are in the best interests of such Borrower, (b) are in furtherance of the proper purposes of such Borrower, (c) will benefit such Borrower and (d) are hereby approved and authorized in all respects; and

**FURTHER RESOLVED**, that the Governing Body of each Company hereby adopts and approves the form, terms and provisions of the proposed Loan Facility as set forth in the Commitment Letter;

**FURTHER RESOLVED**, that each Company is authorized to grant to the Agent (for the benefit of the Lenders and any other persons to which any Secured Obligations are owed) liens on and security interests in certain of its assets as security for the Secured Obligations, including a mortgage, charge or pledge (as applicable) of the equity of any subsidiaries of such Company (as applicable); and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to negotiate and prepare the form, terms and provisions of, and to execute and deliver, for and on behalf of such Company, the Credit Agreement, the Loan Documents and any and all such other agreements, documents, instruments, certificates and other transaction documents that any Authorized Person deems necessary, appropriate or advisable to consummate the transactions contemplated by the Credit Agreement and the Loan Documents (together with the Credit Agreement and the Loan Documents, the "Transaction Documents"), in such form as may be approved by the Authorized Person executing and delivering the same, such Authorized Person's execution or delivery thereof to be conclusive evidence of such approval thereof by such Authorized Person and the approval of the Governing Body of such Company; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to do and perform such further acts and things, including, without limitation, the execution and delivery of any amendments, modifications, extensions, renewals or supplements to the Loan Documents and any other Transaction Documents (including, without limitation, supplemental or additional collateral documents encumbering or otherwise securing assets and properties of such Company acquired after the closing of the Loan Facility), as may be necessary or deemed appropriate by such Authorized Person in connection with any of the Transaction Documents and the transactions contemplated thereby or which may be necessary or appropriate to comply with or evidence compliance with the terms, conditions and provisions of any of the Transaction Documents, and that the performance or execution

thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Governing Body of such Company; and

      **FURTHER RESOLVED**, that the proposed fee arrangements and commitments under the Commitment Letter and any other fee letters or commitment papers executed in connection with the Loan Facility be, and they hereby are, adopted and approved, in all respects; and the execution and delivery thereof by any Authorized Person with respect to a Company, for and on behalf of such Company, are hereby ratified, and the performance of such Company's obligations thereunder, including the payment of fees and expenses required thereby, is hereby adopted and approved, in each case in all respects; and

**Miscellaneous**

      **FURTHER RESOLVED**, that to the extent any Company is a shareholder, member or other owner of another Company, the Governing Body of each such parent Company hereby authorizes and approves, in its capacity as a shareholder, member or other owner of each such subsidiary Company, (i) the Insolvency Cases, Insolvency Filings and Restructuring Transactions, (ii) the execution, delivery and performance of the Restructuring Documents and Transaction Documents to which each such subsidiary Company is a party, including, without limitation, any and all amendments, modifications, extension, renewals or supplements thereto, (iii) the amendment of the bylaws, operating agreement or equivalent governing document of each such subsidiary Company to provide that the shareholder, member or other ownership interest of the parent Company will not cease or terminate and will continue notwithstanding the bankruptcy of such shareholder, member or owner, and (iv) the performance of all acts and deeds in furtherance of the foregoing and these resolutions; and

      **FURTHER RESOLVED**, that, in respect of Bristow U.S. LLC acting in its capacity as general partner of BL Scotia LP and in respect of transactions to which BL Scotia LP is a party as a Company, any reference to transactions being (a) in the best interests of such Company, (b) in furtherance of the proper purposes of such Company, or (c) for the benefit of such Company shall be interpreted as such transactions being in the best interests of, in furtherance of the proper purposes of, and for the benefit of BL Scotia LP, and also in accordance with the requirements of any applicable limited partnership agreement in respect of BL Scotia LP; and

      **FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to take, cause to be taken, or perform any and all further acts or deeds, including, without limitation, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes, certificates, mortgages or charges (including any equitable mortgage or charge over shares in any subsidiary) not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing in such form as any Authorized Person shall in such Authorized Person's absolute discretion and sole opinion approve and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or advisable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated

thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and

**FURTHER RESOLVED**, that any and all past or prior actions heretofore taken by any Authorized Person or any other officer, director or manager of any Company, in the name and on behalf of such Company, in furtherance of any or all of the preceding resolutions, including but not limited to, the signing of any agreements, resolutions, deeds, letters, notices, certificates, acknowledgements, receipts, authorizations, instructions, releases, waivers, proxies and other documents (whether of a like nature or not) and the payment of all and any related fees and expenses be, and the same hereby are, ratified, confirmed and approved in all respects; and

**FURTHER RESOLVED**, that the Secretary or Assistant Secretary of BGI is hereby authorized and empowered to certify that these resolutions have been duly adopted to such person or persons as the Secretary or Assistant Secretary deems entitled thereto, and to attest or witness the execution of the documents authorized by the foregoing resolutions, and to sign and affix each Company's seal to such documents as may be necessary, appropriate or advisable.