UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| BRISTOW GROUP INC., *et al.*,[1] | ) Case No. 19-32713 (DRJ) |
| Debtors. | ) Jointly Administered |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
WACHTELL, LIPTON, ROSEN & KATZ AS CO-COUNSEL FOR
THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE
*NUNC PRO TUNC* TO THE PETITION DATE**

> **THIS APPLICATION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **A HEARING WILL BE HELD ON THIS MATTER FOR <u>JULY 10, 2019, AT 2:30 P.M. (CT)</u> BEFORE THE HONORABLE JUDGE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Bristow Group Inc. and its debtor affiliates, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>" and/or "<u>Bristow</u>") file this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Bristow Group Inc. (9819), BHNA Holdings Inc. (8862), Bristow Alaska Inc. (8121), Bristow Helicopters Inc. (8733), Bristow U.S. Leasing LLC (2451), Bristow U.S. LLC (2904), BriLog Leasing Ltd., and Bristow Equipment Leasing Ltd.  The corporate headquarters and the mailing address for the Debtors listed above is 2103 City West Blvd., 4th Floor, Houston, Texas 77042.

application (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention of Wachtell, Lipton, Rosen & Katz ("Wachtell Lipton") to serve as co-counsel to the Debtors effective *nunc pro tunc* to the Petition Date (as defined herein).  In support of this Application, the Debtors submit the Declaration of Amy R. Wolf, of counsel to the firm (the "Wolf Declaration"), attached hereto as **Exhibit B**, and the declaration of Brian J. Allman, Senior Vice President and Chief Financial Officer of Bristow Group Inc., which is attached hereto as **Exhibit C** (the "Allman Declaration").  In further support of this Application, the Debtors rely upon the *Declaration of Brian J. Allman in Support of the First Day Motions* (the "First Day Declaration")[2] (Docket No. 25) and respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over these cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order").  This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules.

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the First Day Declaration.

**BACKGROUND**

4. On May 11, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are being jointly administered pursuant to an order of the Court (Docket No. 32).

5. The Debtors are operating their business as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in the Chapter 11 Cases. The United States Trustee appointed the Committee of Unsecured Creditors on May 23, 2019. (Docket No. 179).

6. A detailed description of the Debtors' business, capital structure, and the events leading to the Chapter 11 Cases is set forth in the First Day Declaration.

**RELIEF REQUESTED**

7. By this Application, the Debtors seek the entry of an order authorizing the retention and employment of Wachtell Lipton as co-counsel in the Chapter 11 Cases.

**WACHTELL LIPTON'S QUALIFICATIONS**

8. The Debtors seek to retain Wachtell Lipton because of Wachtell Lipton's reputation and expertise in restructuring matters and its long-standing relationship with the Debtors. Since 1997, Wachtell Lipton has acted as general corporate counsel to the Debtors or their corporate predecessor, Offshore Logistics, Inc. Wachtell Lipton has also represented the Debtors in many of their strategic acquisition transactions, including their 2009 acquisition of a 42.5% equity stake in Brazil's largest helicopter services company, Líder Aviação Holding S.A.; their 2012 acquisition of eight helicopters and related real estate and other assets from VIH

Aviation Group, and a 40% minority interest in Cougar Helicopters Inc.; and their 2018 attempted acquisition of Columbia Helicopters, Inc.

9. In addition, Wachtell Lipton has represented the Debtors in connection with their relationship with certain governmental agencies of the United Kingdom, including the Maritime & Coastguard Agency (the "MCA"). One of Bristow's most valuable assets is its nationwide contract to provide search and rescue services for the Government of the United Kingdom. Bristow's future relationship with the Government of the United Kingdom, in particular the MCA, which is responsible for administering the contract, is critical to the Debtors' prospects for a successful reorganization.

10. Bristow first sought restructuring counsel from Wachtell Lipton in mid-December 2018. Wachtell Lipton began advising Bristow on such matters shortly thereafter. Wachtell Lipton led the Debtors' prepetition restructuring process. Wachtell Lipton has since continued to counsel Bristow in the Chapter 11 Cases.

11. By virtue of an attorney-client relationship that spans over two decades, certain attorneys at Wachtell Lipton have extensive institutional knowledge and familiarity with the Debtors' businesses, debt structure, and some of the legal issues that may arise in the Chapter 11 Cases. The Debtors believe that Wachtell Lipton has unique expertise and qualifications to represent them in the Chapter 11 Cases.

## SERVICES TO BE PROVIDED

12. Subject to further order of the Court, the Debtors request the retention and employment of Wachtell Lipton to provide the following legal services:

   a. advising the Debtors with respect to their powers and duties as debtors in possession, including corporate governance and board matters;

   b. attending meetings and negotiating with representatives of creditors and other parties in interest;

c. representing the Debtors in connection with certain financing arrangements as may be required, including but not limited to, the exit financing contemplated by the RSA;

d. advising the Debtors in connection with their relationship with the Government of the United Kingdom, the MCA, and other governmental agencies;

e. advising the Debtors in connection with any potential sales of assets;

f. advising the Debtors in connection with the assumption and rejection of leases;

g. advising the Debtors in connection with certain employment and benefits issues;

h. appearing before this Court and any appellate courts to represent the interests of the Debtors' estates;

i. counseling the Debtors with respect to certain pending litigation claims;

j. taking any necessary action on behalf of the Debtors to obtain approval of a disclosure statement and confirmation of a chapter 11 plan; and

k. performing all other necessary legal services for the Debtors in connection with the prosecution of the Chapter 11 Cases.

13. In addition to Wachtell Lipton's services, the Debtors are concurrently seeking to retain Baker Botts L.L.P. ("Baker Botts") as co-counsel. Baker Botts also has a long-standing relationship with the Debtors, and similarly possesses valuable expertise and institutional knowledge of the Debtors' business and financial affairs.

14. Wachtell Lipton's services will not be duplicative of work performed by Baker Botts or any other advisor retained by the Debtors. During the prepetition restructuring engagements, the Debtors, Wachtell Lipton, and Baker Botts agreed to an allocation of responsibilities between the firms in order to leverage each firm's respective strengths and historical expertise, minimize duplication of work, and provide the Debtors with the best possible representation in a cost-efficient manner. Wachtell Lipton assumed primary responsibility for matters related to the United Kingdom, including interactions with the MCA and other governmental agencies and coordination with UK counsel; negotiations with Debtors'

secured and unsecured creditors; restructuring advice to the Debtors' board of directors; and consideration of potential merger and acquisition transactions or other strategic alternatives. Baker Botts assumed primary responsibility for negotiations with equipment lenders and leasing counterparties; preparation for, and the day-to-day conduct of, the chapter 11 proceedings; drafting potential plans and disclosure statements; and obtaining financing in connection with mergers, acquisitions, and other transactions. Prior to the Petition Date, Wachtell Lipton and Baker Botts shared responsibility for interviewing investment banking and financial advisory firms and negotiating such firms' compensation.

15. Since the Petition Date, Wachtell Lipton and Baker Botts have adhered to—and will continue to adhere to—the allocation of restructuring work described above, recognizing the importance of maximizing efficiency and reducing costs to the estate. To the extent matters not accounted for in the present allocation arise during the course of the Chapter 11 Cases, Wachtell Lipton and Baker Botts will endeavor to assign primary responsibility to the firm best able to handle that particular matter. Given the fast pace and complexity of the Chapter 11 Cases and Wachtell Lipton and Baker Botts' close working relationship, no unnecessary duplication of work should occur.

16. If the Debtors are not permitted to retain both Wachtell Lipton and Baker Botts, the Debtors will have to expend significant resources, time, and effort to enable other counsel to become sufficiently familiar with the Debtors' affairs to properly conduct these Chapter 11 Cases for the benefit of all stakeholders. The retention of both firms is warranted and essential in these circumstances.

**PROFESSIONAL COMPENSATION**

17. Wachtell Lipton intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Wachtell Lipton intends to charge for professional services on an hourly basis. Wachtell Lipton will maintain detailed, contemporaneous records of time recorded by its professionals and any actual and necessary expenses incurred in connection with the legal services described above by category and nature of the services provided.

18. Wachtell Lipton's fee arrangement for this matter does not vary from, or constitute an alternative to, Wachtell Lipton's standard billing arrangements for matters that it bills on an hourly basis. Wachtell Lipton has not varied its rates based on the filing of the Chapter 11 Cases or the geographic location of the Chapter 11 Cases.

19. The current hourly billing rates for Wachtell Lipton professionals expected to spend significant time on this engagement range from $1,100 to $1,500 for partners and of counsel, $650 to $900 for associates, and $250 to $325 for paralegals. Wachtell Lipton adjusts its rates on an annual basis in the ordinary course. Should Wachtell Lipton's hourly rates change during the course of the Chapter 11 Cases, Wachtell Lipton will file an appropriate statement to that effect.

20. The following Wachtell Lipton professionals are currently expected to be primarily responsible for providing professional services to the Debtors. Their respective rates for this matter are set forth in the table below:

| NAME | LOCATION | POSITION | HOURLY BILLING RATE IN EFFECT AS OF THE PETITION DATE |
|---|---|---|---|
| Richard G. Mason | New York | Partner | $1,500 |
| David A. Katz | New York | Partner | $1,500 |
| Jenna E. Levine | New York | Partner | $1,100 |
| Ryan A. McLeod | New York | Partner | $1,100 |
| Amy R. Wolf | New York | Of Counsel | $1,400 |
| Chelsea N. Darnell | New York | Associate | $900 |
| Joseph C. Celentino | New York | Associate | $750 |
| Michael H. Cassel | New York | Associate | $750 |
| Kayla M. DeLeon | New York | Associate | $650 |
| David E. White Jr. | New York | Law Clerk | $650 |
| Robinson C. Strauss | New York | Senior Paralegal | $325 |
| Elizabeth N. Einstein | New York | Paralegal | $250 |
| Paul W. Hirschhorn | New York | Paralegal | $250 |

21. Other Wachtell Lipton professionals and paraprofessionals may also provide services to the Debtors. The rates charged by such professionals will be comparable to the rates of the professionals listed above.[3]

22. In addition to the hourly billing rates set forth above, Wachtell Lipton customarily charges its clients for all reimbursable expenses actually incurred, including photocopying

---

[3] Although Wachtell Lipton does not anticipate using contract attorneys during the Chapter 11 Cases, in the unlikely event that it becomes necessary to use contract attorneys, Wachtell Lipton will not charge a markup to the Debtors with respect to fees billed by such attorneys. Moreover, any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by Wachtell Lipton will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

charges, messengers, courier mail, overtime, overtime meals, late-night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, computer research and similar items. These expenses will be billed to the Debtors at the actual cost of such expenses, without any markup.

23. Wachtell Lipton contemplates using the following categories to record its time and expenses:

| CATEGORY | DESCRIPTION |
| --- | --- |
| Asset Disposition | M&A activity and other transactional work related to asset dispositions. |
| Budgeting (Case) | Preparation of and discussions with Bristow about our budget. |
| Case Administration | Coordination and compliance activities not specifically covered by another category. |
| Corporate Governance and Board Matters | Preparation for and attendance at board of directors meetings; analysis and advice regarding corporate governance issues, including trustee, examiner, and CRO issues; review and preparation of corporate documents. |
| Meetings and Communications with Creditors | Preparation for and attendance at meetings with creditors and creditors' committees; negotiation with creditors and creditors' committees. |
| Employee Benefits and Pensions | Matters related to employee and retiree benefit issues, including compensation, bonuses, severance, insurance benefits, and 401(k), pensions, or other retirement plans. |
| Employment and Fee Applications | Preparation of employment and fee applications for self or others; motions to establish interim procedures. |
| Assumption and Rejection of Leases and Contracts | Analysis of leases and executory contracts and preparation of motions specifically to assume or reject. |
| Financing and Cash Collateral | Matters under sections 361, 363 and 364, including cash collateral and secured claims (*e.g.*, DIP financing, etc.). |
| Litigation | Contested matters and adversary proceedings (including shareholder litigation). |
| Non-Working Travel | Nonworking travel time. |
| Plan and Disclosure Statement | Formulation, negotiation, presentation and confirmation of chapter 11 plan. |
| UK Issues | Work related to preserving value in the UK business, including matters related to the UK SAR contract. |

24. Wachtell Lipton will consult with the U.S. Trustee regarding any suggested alterations to these fee and expense categories.

### COMPENSATION RECEIVED BY WACHTELL LIPTON FROM THE DEBTORS

25. As set forth in the Wolf Declaration, Wachtell Lipton has provided, and agrees to continue to provide, assistance to the Debtors in accordance with this Application and any order this Court may enter.

26. Wachtell Lipton has agreed not to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among Wachtell Lipton's partners. As of the Petition Date, the Debtors did not owe Wachtell Lipton any amounts.

### WACHTELL LIPTON'S DISINTERESTEDNESS

27. To the best of the Debtors' knowledge and as disclosed herein and in the Wolf Declaration, (a) Wachtell Lipton is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Wachtell Lipton has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Wolf Declaration.

28. Wachtell Lipton will periodically make efforts during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or have arisen. If any new material facts or relationships are discovered or arise, Wachtell Lipton will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**S**UPPORTING **A**UTHORITY

29. The Debtors seek retention of Wachtell Lipton as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

30. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

31. The Debtors submit that for all the reasons stated above and in the Wolf Declaration, the retention and employment of Wachtell Lipton as counsel to the Debtors is warranted. Further, as stated in the Wolf Declaration, Wachtell Lipton is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Wolf Declaration.

### *Nunc Pro Tunc* Relief

32. The Debtors request approval of the employment of Wachtell Lipton *nunc pro tunc* to the Petition Date. *Nunc pro tunc* relief is warranted here. Pursuant to Local Rule 2014-1, any application for approval of employment of a professional is "deemed contemporaneous"

when made within the first 30 days after the commencement of the cases. Given the size and complexity of these cases, and the scope of the emergency relief sought in the first few days of these cases, the Debtors were not able to seek approval of Wachtell Lipton's retention before Wachtell Lipton began work. Nonetheless, the Debtors and Wachtell Lipton have filed this Application as soon as possible following the Petition Date and within the 30 days prescribed by Local Rule 2014-1. Under these circumstances, no party will be prejudiced and *nunc pro tunc* retention should be approved.

## NOTICE

33. Notice of this Application shall be provided to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) Kramer Levin Naftalis & Frankel LLP as counsel to the Official Committee of Unsecured Creditors; and (c) all other parties on the Master Service List. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Application is required.

## NO PRIOR REQUEST

34. No prior request for the relief sought in this Application has been made to this or any other court.

-13-

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: June 10, 2019

*/s/  Brian J. Allman*
Brian J. Allman
Senior Vice President and Chief Financial Officer
Bristow Group Inc.