

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/23/2019

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| BRISTOW GROUP INC., *et al.*,[1] ) | Case No. 19-32713 (DRJ) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

## ORDER GRANTING DEBTORS' MOTION TO APPROVE TERM SHEET WITH PK AIRFINANCE S.À R.L. AND THE MILESTONE AVIATION GROUP LIMITED

This matter coming before this Court upon the motion (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 363(b), and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and rules 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to assume the MAG Lease Documents, modify the PKA Loan Documents, pay the Milestone Fees (as those terms are defined in the Motion), and enter into the Definitive Restructuring Documents and the other transactions contemplated by the Milestone Term Sheet, among the Debtors and the Milestone Parties. Upon consideration of the Motion and the Hearing related to the same, the Court hereby finds and concludes that (i) the Court has jurisdiction to consider the relief sought in the Motion in accordance with 28 U.S.C. §§ 157 and 1334; (ii) consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue of the Motion is proper before this Court pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Bristow Group Inc. (9819), BHNA Holdings Inc. (8862), Bristow Alaska Inc. (8121), Bristow Helicopters Inc. (8733), Bristow U.S. Leasing LLC (2451), Bristow U.S. LLC (2904), BriLog Leasing Ltd. (9764), and Bristow Equipment Leasing Ltd. (9303). The corporate headquarters and the mailing address for the Debtors listed above is 2103 City West Blvd., 4th Floor, Houston, Texas 77042.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Milestone Term Sheet unless otherwise indicated.

§§ 1408 and 1409; (iv) consideration of the Motion on an emergency basis is proper under the circumstances; (v) due and proper notice of the Motion and the exhibits thereto has been provided to all parties required to receive same and that no other notice need be provided; (vi) the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and; (vii) that the legal and factual bases set forth in the Motion establish just cause for the relief requested therein.  Therefore, it is hereby:

ORDERED that the motion is GRANTED as set forth herein.  To the extent any objections or reservations of rights to the Motion have not been withdrawn or resolved by this Order, they are overruled in all respects on the merits; it is further

ORDERED that the Milestone Term Sheet, and the transactions contemplated therein, represent a valid exercise of the Debtors' business judgment and are hereby approved in their entirety.  It being the intent of this Court that the Milestone Term Sheet be approved in its entirety, the failure to specifically describe or include any particular provision in Milestone Term Sheet shall not diminish or impair the effectiveness of such provision.  For the avoidance of doubt, the automatic stay imposed under section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby modified and lifted to permit (i) the parties to enter into the Definitive Restructuring Documents, (ii) the parties to the Milestone Term Sheet to serve notices on the Debtors after an Event of Default in accordance with the terms of that Milestone Term Sheet, and (iii) Milestone to exercise the remedies expressly provided in section 3.3 of the Milestone Term Sheet; it is further

ORDERED that the Debtors are authorized to enter into and perform under the Milestone Term Sheet and the Definitive Restructuring Documents, and execute and deliver all instruments and documents and take any additional actions as are necessary or appropriate to implement and

effectuate the entry into and performance under the Milestone Term Sheet and the Definitive Restructuring Documents; it is further

ORDERED that the Debtors' assumption of the Existing Lease Documents, as amended pursuant to the Milestone Term Sheet and Restructured Lease Documents, for the aircraft listed on Exhibit A (#1-21) to the Milestone Term Sheet is hereby approved; it is further

ORDERED that the Debtors' assumption of the Existing Lease Documents, without amendment, for the remaining aircraft listed on Exhibit A to the Milestone Term Sheet is hereby approved; it is further

ORDERED the Debtors shall remit the cure payments listed on Exhibit D to the Milestone Term Sheet to the Milestone Parties within three (3) business days after the entry of this Order; it is further

ORDERED notwithstanding any assumption of the Existing Lease Documents or anything else contained in this Order or in the Filed Plan, the obligations under the MAG LRA, including the LACE Year Commitment, shall be determined satisfied in accordance with, and to the extent of, section 2.7 of the Milestone Term Sheet; it is further

ORDERED that the Debtors are authorized to amend the Existing Facility Documents pursuant to the terms of the Milestone Term Sheet and to enter into the Restructured Financing Documents; it is further

ORDERED upon the Effective Date of any Qualified Plan, (i) the Restructured Lease Documents, for the aircraft listed on Exhibit A (#1-21), and the Existing Lease Documents for the remaining aircraft listed on Exhibit A to the Milestone Term Sheet assumed hereunder shall vest with, and be binding upon, the Reorganized Debtors (as defined in Filed Plan) and (ii) the

Restructured Financing Documents and the claims and obligations thereunder shall be reinstated and vest with, and be binding upon, the Reorganized Debtors; it is further

ORDERED that the Notice of Enforcement Action by PK AirFinance S.à r.l. [Docket No. 527] is deemed withdrawn and the Debtors BELL and BriLog (as defined in the Motion) shall be deemed to be, as of the date hereof, in compliance with their obligations under the Article XI, Alternative A of the CTC (as defined in the Motion) such that they are able to retain possession of aircraft covered by the CTC; it is further

ORDERED that the mutual releases provided for in the Milestone Term Sheet are hereby approved; it is further

ORDERED that to the extent not already authorized under the Final Cash Collateral Order, the Debtors are authorized to pay the Milestone Fees as provided for in the Milestone Term Sheet; it is further

ORDERED that the parties may modify the Filed Plan in order to incorporate the terms of this Order and the Milestone Term Sheet; it is further

ORDERED that Proof of Claim Nos. 265, 266, 267, 270, 271, 272, 273, 274 290, 375 shall be treated in accordance with the Milestone Term Sheet and Class 6 of the Filed Plan; provided, however, that (i) Milestone will be entitled to a general unsecured Class 12 Claim in the amount of $2,750,000; and (ii) Milestone's secured claim asserted in Proof of Claim No. 267 shall be allowed and satisfied as follows: (a) $10,100,000 of the secured claim shall be added to the outstanding principal of the PK Air Credit Agreement and shall amortize in accordance with the existing loan amortization schedule, and (b) $7,212,742 of the secured claim will be paid in lump sum at the maturity date of the PK Air Credit Agreement, which amount shall not amortize, and

(c) $2,000,000 of the secured claim shall be waived and forever released and discharged; it is further

ORDERED that Proof of Claim No. 160 filed by General Electric Company (through GE Aviation) in the amount of $238,517.55 and Proof of Claim No. 169 filed by GE Flight Efficiency Services, Inc. in the amount of $37,615.48 are Class 11 trade claims and shall be paid in full on the Effective Date of a Qualified Plan; it is further

ORDERED that the Borrower Guarantee and Indemnity Cap (as defined in the PK Air Credit Agreement) shall be reduced as provided for in the Milestone Term Sheet; it is further

ORDERED that the Milestone Parties shall be entitled to assert administrative expense claims under Sections 503(b) and 507(a)(1) for any failure to comply with any of the obligations under the Milestone Term Sheet or the Amended Facility Documents; it is further

ORDERED that the Milestone Parties shall be entitled to the protections afforded under Sections 364(e) and 363(m) of the Bankruptcy Code; it is further

ORDERED that the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) is hereby waived and the terms and conditions of this Order are immediately effective and enforceable upon entry by the Court; it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: **9-23**, 2019
Houston, Texas

United States Bankruptcy Judge