

ENTERED
10/10/2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BRISTOW GROUP INC., *et al.*,[1] | ) ) ) | Case No. 19-32713 (DRJ) |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION TO APPROVE TERM SHEET WITH MACQUARIE LEASING LLC, MACQUARIE BANK LIMITED, AND MACQUARIE ROTORCRAFT LEASING HOLDINGS LIMITED**
(Docket No. 731)

This matter coming before this Court upon the motion (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 363(b), and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to assume the Assumed Leases, modify the Credit Agreement, pay the Macquarie Fees (as those terms are defined in the Motion), and enter into the Definitive Restructuring Documents and the other transactions contemplated by the Macquarie Term Sheet, among the Debtors and Macquarie. Upon consideration of the Motion and the Hearing related to the same, the Court hereby finds and concludes that (i) the Court has jurisdiction to consider the relief sought in the Motion in accordance with 28 U.S.C. §§ 157 and 1334; (ii) consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Bristow Group Inc. (9819), BHNA Holdings Inc. (8862), Bristow Alaska Inc. (8121), Bristow Helicopters Inc. (8733), Bristow U.S. Leasing LLC (2451), Bristow U.S. LLC (2904), BriLog Leasing Ltd. (9764), and Bristow Equipment Leasing Ltd. (9303). The corporate headquarters and the mailing address for the Debtors listed above is 2103 City West Blvd., 4th Floor, Houston, Texas 77042.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Macquarie Term Sheet unless otherwise indicated.

Active 42421575.4

1

Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) due and proper notice of the Motion and the exhibits thereto has been provided to all parties required to receive same and that no other notice need be provided; (v) the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and; (vi) that the legal and factual bases set forth in the Motion establish just cause for the relief requested therein. Therefore, it is hereby:

ORDERED that the Motion is GRANTED as set forth herein. To the extent any objections or reservations of rights to the Motion have not been withdrawn or resolved by this Order, they are overruled in all respects on the merits; it is further

ORDERED that the Macquarie Term Sheet, and the transactions contemplated therein, represent a valid exercise of the Debtors' business judgment and are hereby approved in their entirety. It being the intent of this Court that the Macquarie Term Sheet be approved in its entirety, the failure to specifically describe or include any particular provision in Macquarie Term Sheet in this Order shall not diminish or impair the effectiveness of such provision. For the avoidance of doubt, the automatic stay imposed under section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby modified and lifted to permit (i) the parties to enter into the Definitive Restructuring Documents, (ii) the parties to the Macquarie Term Sheet to serve notices on the Debtors after an Event of Default in accordance with the terms of the Macquarie Term Sheet, and (iii) Macquarie to exercise the remedies expressly provided in section 3.3 of the Macquarie Term Sheet; it is further

ORDERED that the Debtors are authorized to enter into and perform under the Macquarie Term Sheet and the Definitive Restructuring Documents, and execute and deliver all instruments and documents and take any additional actions as are necessary or appropriate to implement and

effectuate the entry into and performance under the Macquarie Term Sheet and the Definitive Restructuring Documents; it is further

ORDERED that the Debtors' assumption of the Assumed Leases, as amended pursuant to the Macquarie Term Sheet and Definitive Restructuring Documents, is hereby approved; it is further

ORDERED that the Debtors' assumption of the Assumed Leases, without amendment, is hereby approved; it is further

ORDERED the Debtors shall remit the payments to cure the Assumed Leases to the Macquarie Parties within three (3) business days after the entry of this Order; it is further

ORDERED that the Debtors are authorized to amend the Credit Agreement pursuant to the terms of the Macquarie Term Sheet; it is further

ORDERED upon the Effective Date of any Qualified Plan, (i) the Assumed Leases, as and to the extent modified by the applicable Definitive Restructuring Documents are hereby assumed hereunder and shall vest with, and be binding upon, the applicable Reorganized Debtors (as defined in the Filed Plan) and (ii) the Credit Agreement and related documents, as and to the extent modified by the applicable Definitive Restructuring Documents, are hereby reinstated and shall vest with, and be binding upon, the applicable Reorganized Debtors, and it is further

ORDERED that the Macquarie Parties shall be entitled to assert administrative expense claims under Sections 503(b) and 507(a)(l) for any failure to comply with any of the obligations under the Macquarie Term Sheet or the Definitive Restructuring Documents, and the Debtors reserve the right to object to or otherwise contest such claims; it is further

ORDERED that the Macquarie Parties shall be entitled to the protections afforded under Sections 364(e) and 363(m) of the Bankruptcy Code; it is further

ORDERED that the mutual releases provided for in the Macquarie Term Sheet are hereby approved; it is further

ORDERED that to the extent not already authorized under the Final Cash Collateral Order and/or the Section 1110(a) Agreements, the Debtors are authorized to pay the Macquarie Fees as provided for in the Macquarie Term Sheet; it is further

ORDERED that Macquarie will be entitled to an allowed general unsecured claim in the amount of $8 million (the "Allowed Claim") that will be classified in class 12 of the Filed Plan as provided for in Exhibit 1 to this Order; it is further

ORDERED that the deadline for Macquarie to vote on the Filed Plan is extended to October 3, 2019 in accordance with the Solicitation Procedures approved by the Court [Docket No. 599, Exhibit 2, §2]; it is further

ORDERED that upon entry of this Order, Macquarie will be deemed to have accepted the Filed Plan in the allowed amount set forth in Exhibit 1 to this Order; it is further

ORDERED that the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) is hereby waived and the terms and conditions of this Order are immediately effective and enforceable upon entry by the Court; it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Signed:  October 10, 2019**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

## **Exhibit 1**

## SCHEDULE OF MACQUARIE CLAIM AND TREATMENT OF SUCH CLAIMS

| TRANSACTION/TYPE OF CLAIM (MSN #) | CLAIM NOS. | CLAIMANT | DEBTOR | ORIGINAL AMOUNT OF CLAIM | ALLOWED CLAIMS AMOUNT UPON TERM SHEET EFFECTIVE DATE[1] |
|---|---|---|---|---|---|
| Lease: Lessor against Lessee (Rejection Damages Claim) (MSN 761065) | Claim Nos: 304 & 352 | Wells Fargo Trust Company, N.A. | Bristow U.S. LLC | $12,564,999.33 | ▮ |
| Lease: Lessor against Guarantor (Rejection Damages Claim) (MSN 761065) | Claim Nos: 307 & 349 | Wells Fargo Trust Company, N.A. | Bristow Group Inc. | $12,564,999.33 | ▮ |
| Lease: Owner Participant against Lessee (MSN 761065) | Claim Nos: 327 & 341 | Macquarie Leasing LLC | Bristow U.S. LLC | $7,300.00 | ▮ |
| Lease: Lessor against Lessee (MSN 41389) | Claim Nos: 320 & 353 | Wells Fargo Trust Company, N.A. | Bristow U.S. LLC | $13,655,667.00 | ▮ |
| Lease: Lessor against Guarantor) (MSN 41389) | Claim Nos: 317 & 351 | Wells Fargo Trust Company, N.A. | Bristow Group Inc. | $13,655,667.00 | ▮ |
| Lease: Owner Participant against Lessee (MSN 41389) | Claim Nos: 293 & 343 | Macquarie Leasing LLC | Bristow U.S. LLC | $7,300.00 | ▮ |
| Lease: Lessor against Lessee (MSN 920056) | Claim Nos: 319 & 347 | Wells Fargo Trust Company, N.A. | Bristow U.S. LLC | $20,162,084.00 | ▮ |
| Lease: Lessor against Guarantor) (MSN 920056) | Claim Nos: 311 & 342 | Wells Fargo Trust Company, N.A. | Bristow Group Inc. | $20,162,084.00 | ▮ |

---

[1] The Filed Plan provides for the consolidation of Allowed Claims (as defined in the Filed Plan) against multiple debtors into one Estate for purposes of distributions for Class 12.

| TRANSACTION/TYPE OF CLAIM (MSN #) | CLAIM NOS. | CLAIMANT | DEBTOR | ORIGINAL AMOUNT OF CLAIM | ALLOWED CLAIMS AMOUNT UPON TERM SHEET EFFECTIVE DATE[1] |
|---|---|---|---|---|---|
| Lease: Owner Participant against Lessee (MSN 920056) | Claim Nos: 303 & 346 | Macquarie Leasing LLC | Bristow U.S. LLC | $7,300.00 | |
| Lease: Lessor against Lessee (MSN 920287) | Claim Nos: 322 & 338 | Wells Fargo Trust Company, N.A. | Bristow U.S. LLC | $29,259,000.00 | |
| Lease: Lessor against Guarantor) (MSN 920287) | Claim Nos: 315 & 350 | Wells Fargo Trust Company, N.A. | Bristow Group Inc. | $29,259,000.00 | |
| Lease: Owner Participant against Lessee (MSN 920287) | Claim Nos: 310 & 339 | Macquarie Leasing LLC | Bristow U.S. LLC | $7,300.00 | |
| Lease: Lessor against Lessee (MSN 920288) | Claim Nos: 324 & 348 | Wells Fargo Trust Company, N.A. | Bristow U.S. LLC | $29,529,000.00 | |
| Lease: Lessor against Guarantor) (MSN 920288) | Claim Nos: 291 & 328 | Wells Fargo Trust Company, N.A. | Bristow Group Inc. | $29,529,000.00 | |
| Lease: Owner Participant against Lessee (MSN 920288) | Claim Nos: 326 & 330 | Macquarie Leasing LLC | Bristow U.S. LLC | $7,300.00 | |
| Lease: Lessor against Lessee (MSN 920062) | Claim Nos: 312 & 337 | TVPX Aircraft Solutions Inc. | BriLog Leasing Ltd. | $17,198,860.00 | |
| Lease: Lessor against Guarantor) (MSN 920062) | Claim Nos: 292 & 336 | TVPX Aircraft Solutions Inc., | Bristow Group Inc. | $17,198,860.00 | |
| Lease: Owner Participant against Lessee (MSN 920062) | Claim Nos: 318 & 332 | Macquarie Rotorcraft Leasing Holdings Limited | BriLog Leasing Ltd. | $7,300.00 | |

| Transaction/Type Of Claim (MSN #) | Claim Nos. | Claimant | Debtor | Original Amount Of Claim | Allowed Claims Amount Upon Term Sheet Effective Date[1] |
|---|---|---|---|---|---|
| Lease: Lessor against Lessee (MSN 920063) | Claim Nos: 329 & 335 | TVPX Aircraft Solutions Inc. | BriLog Leasing Ltd. | $17,198,860.00 | ███ |
| Lease: Lessor against Guarantor) (MSN 920063) | Claim Nos: 300 & 334 | TVPX Aircraft Solutions Inc. | Bristow Group Inc. | $17,198,860.00 | ███ |
| Lease: Owner Participant against Lessee (MSN 920063) | Claim Nos: 301 & 344 | Macquarie Rotorcraft Leasing Holdings Limited | BriLog Leasing Ltd. | $7,300.00 | ███ |
| Aircraft Secured Loan: Agent vs. Borrower (20 Aircraft) | Claim Nos: 325 & 331 | Macquarie Bank Limited | Bristow U.S. LLC | $146,000.00 | ███ |
| Aircraft Secured Loan: Agent vs. Guarantor (20 Aircraft) | Claim Nos: 295 & 333 | Macquarie Bank Limited | Bristow Group Inc. | $146,000.00 | ███ |
| Aircraft Secured Loan: Lender vs. Borrower (20 Aircraft) | Claims Nos: 316 & 340 | Macquarie Leasing LLC | Bristow U.S. LLC | $167,527,778.00 | ███ |
| Aircraft Secured Loan: Lender vs. Guarantor (20 Aircraft) | Claim Nos: 305 & 345 | Macquarie Leasing LLC | Bristow Group Inc. | $167,527,778.00 | ███ |